## WELLES *v.* STOUT.

*(Circuit Court, N. D. Iowa.  March 18, 1889.)*

1. BANKS AND BANKING — NATIONAL BANKS — INSOLVENCY — ACTION AGAINST SHAREHOLDER—PLEADING.

In an action by the receiver of a national bank against a shareholder to recover an assessment ordered by the comptroller, an allegation in the petition that on a day named "the comptroller of the currency, in order to pay the liabilities of" the bank, "made an assessment upon all the said shares of the capital stock of said" bank of 100 per cent. upon its par value, "and ordered the stockholders to pay the same on or before" a day named, is sufficient to show that the requisite action was had by the comptroller, not only as to determining upon the necessity of an assessment, but also as to the enforcement thereof by suit against the delinquent stockholders.

2. SAME.

An allegation following, "that by virtue of the premises, and of the statutes in such case made and provided. the defendant became and is indebted to your petitioner in the sum of," etc., sufficiently shows that defendant had become indebted in the sum named, and also that such indebtedness still continued when the petition was filed. and is equivalent to an allegation of non-payment.

At Law.  On demurrer to amended petition.

*William Graham*, for plaintiff.

*Henderson, Hurd, Daniels & Kiesel*, for defendant.

SHIRAS, J.  The plaintiff is the receiver of the Commercial National Bank of Dubuque, and in that capacity brings this action to recover an assessment of 100 per cent. upon the shares of stock of which it is averred the defendant is the owner.  The petition avers the organization of the bank under the laws of the United States, its insolvency, the appointment of plaintiff as receiver by the comptroller of the currency, and the fact that the assets are insufficient to pay the indebtedness.  Then follows the averment that "on the 25th day of July, A. D. 1888, the comptroller of the currency, in order to pay the liabilities of said banking association, made an assessment upon all the said shares of the capital stock of said Commercial National Bank of one hundred per cent. upon the par value of said stock, and ordered the stockholders to pay the same on or before the 25th day of August, A. D. 1888, of all of which said defendant had notice; that by virtue of the premises, and of the statutes in such case made and provided, the defendant became and is indebted to your petitioner in the sum of five thousand five hundred dollars, with interest thereon from the 25th day of August, A. D. 1888; that this action is brought under the authority and by the direction of the said comptroller of the currency of the United States."  To this petition a demurrer is interposed on the grounds that it is not averred that the amount assessed against the defendant has not been paid, and that it does not appear that, prior to the commencement of the action, the comptroller had decided that an assessment upon the capital stock was necessary, nor that such assessment, if made, should be enforced by suit against the stockholders.

In *Kennedy* v. *Gibson*, 8 Wall. 498, the supreme court, in construing the sections of the statute governing the liability of the stockholders, and the mode of the enforcement thereof, held that it is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and that action on his part is an indispensable prerequisite to the institution of suits by the receiver. Although not expressly so stated, it would appear that the supreme court holds that the comptroller must not only order an assessment to be levied upon the stockholders, but that it is for the comptroller to decide whether such assessment shall be enforced by suit. Assuming, at least, that this is the true construction of the opinion, does or does it not sufficiently appear from the allegations of the petition that such action by the comptroller has been had? It is averred that for the purpose of paying the liabilities of the bank the comptroller made an assessment on all the shares of stock of 100 per cent. on the par value thereof, and ordered the stockholders to pay the same by a day fixed. Certainly the comptroller would not have made this assessment unless he had decided that it was necessary to enforce the personal liability of the shareholders. The evidence that he had reached the conclusion that it was necessary to resort to the liability of the stockholders is found in the fact averred, —that he had made this assessment, and ordered its payment. In *Kennedy* v. *Gibson*, the supreme court holds that the stockholders cannot controvert or question the decision or determination of the comptroller in this particular. If the comptroller orders the assessment, and its enforcement, that concludes the shareholder. The argument of counsel in support of the demurrer,—that the shareholders cannot be made liable, except by the comptroller hearing and deciding the question that necessity exists in the given case for the enforcement of this statutory liability on part of the shareholders, is unquestionably well taken. It must be averred in the petition, and, if controverted, must be proven on the trial, that the comptroller did decide that necessity existed for the enforcement of the liability of the shareholder. The question arising on the demurrer, however, is as to the meaning of the allegations in the petition contained. It being therein averred that to meet the liabilities of the bank the comptroller ordered an assessment on the shareholders, ordered them to pay it by a day fixed, and directed suit to be brought to enforce payment, is sufficient to show that the requisite action was had by the comptroller, not only as to the matter of the assessment, but also as to the enforcement thereof by suit against the delinquent stockholders. It is also urged that the petition is insufficient because it is not averred that the amount of the assessment has not been paid. The petition alleges the several facts constituting the claim against the defendant, and then avers "that by virtue of the premises, and of the statutes in such case made and provided, the defendant became and is indebted to your petitioner in the sum of," etc. Two facts are herein averred: *First,* that by reason of the matters previously set forth the defendant had become indebted to the petitioner in the sum named; *second,* that such indebtedness was in existence, or still continued, when the petition was filed. This could not

be true if the assessment had been previously paid, and it follows that the averment is the equivalent of that of non-payment. The demurrer is therefore overruled, with leave to defendant to answer.